## KELLEY v. NOYES.

An arrest regularly made by a collector of taxes, upon a warrant of the selectmen, is legal, although it be shown that the person arrested was not liable to assessment; and his remedy is against such selectmen, or the town.

If upon such arrest the tax-payer give his note for the tax to the collector, who, in consideration of it, agrees to pay and does pay the amount to the town, and discharges him from the arrest and from the tax, in an action on the note the collector is entitled to recover.

Such warrant is not to be regarded as returnable process, and the proceedings may be shown by other evidence.

ASSUMPSIT upon a promissory note for $46.11, dated January 17, 1859, signed by the defendant, payable to his own order, on demand, with interest, and by him indorsed, delivered to the plaintiff. Writ dated March 16, 1859. Plea, the general issue. ◦ Upon the back of the note the plaintiff had indorsed $26.11, March 16, 1859, and he claimed to recover the balance due upon it. The plaintiff having introduced the note in evidence, the defendant offered evidence tending to show that, when he signed and indorsed the note, he was in the custody of the plaintiff, at Manchester; that the plaintiff acted as collector of taxes of Manchester, for the year 1858-9; that the plaintiff arrested him for non-payment of taxes for that year; that he gave the note for the amount of taxes for the non-payment of which he was arrested, to procure his release from arrest; that, upon giving the note he was discharged from arrest, and received from the plaintiff, as collector, a receipt in full for those taxes; that the plaintiff made no record or return of the arrest; and that the defendant, on the first day of April, 1858, was over seventy years of age, and not a resident of Manchester. The plaintiff introduced evidence tending to show that the defendant voted in Manchester at the annual meeting in March, 1858; that the plaintiff had a proper list of taxes and a warrant, and gave notice to the defendant of his tax more than fourteen days before he arrested him; and that the defendant was taxed in Manchester in 1858, for his poll, and also doomage, $4000.

The plaintiff testified, subject to the defendant's exception, that he paid the whole amount of the note to the city of Manchester, before bringing this suit, and that he received back the amount indorsed on the note.

The defendant contended that the note was void, as given under duress; that the arrest was illegal, because he was over seventy years of age on the first day of April, 1858, and was not then a resident of Manchester, and because it did not appear that there was any cause for or that the proper steps were taken to authorize the doomage, nor that the invoice was taken in April, nor that the invoice and assessments, or a copy thereof, were, prior to the first day of July, left with the city clerk and recorded by him, nor that the plaintiff was legally appointed collector.

The court instructed the jury, that if the plaintiff, in consideration of receiving the note, assumed to pay, became liable to pay, and did pay to the city the amount of the defendant's tax, and gave

the receipt, and discharged the defendant from arrest and from all liability, although a part or all of the tax were improperly or illegally assessed, on the grounds taken by the defendant, the plaintiff was entitled to recover. To these instructions the defendant excepted ; and, a verdict being returned against him, he moved to set the same aside.

The following question, in writing, was also submitted to the jury, upon which they failed to agree : "Was the defendant an inhabitant or resident of Manchester on the first day of April, 1858 ?"

*Clark & Smith,* for the plaintiff.

*Morrison, Stanley & Clark,* for the defendant.

BELLOWS, J.  By the statute (Comp. Stat. 126, sec. 16) it is provided, "That no person to whom any list of taxes shall be committed for collection shall be liable to any suit or action by reason of any irregularity or illegality of the proceedings of the town or the selectmen, nor for any cause whatever, except his own official misconduct."

The officer, then, may justify a seizure of goods, or the arrest of the body under his warrant, without regard to any defect in the previous proceedings of the town or the selectmen. If his own acts are regular, such seizure or arrest must, as to him, be regarded as lawful; and, in case of an illegal assessment, the remedy is against the selectmen, who issue the warrant, and may take the form of trespass for such arrest or seizure. *Henry* v. *Sargent,* 13 N. H. 321 ; *Rice* v. *Wadsworth,* 27 N. H. 104.  By this statute, then, the officer is put upon the footing of a sheriff acting under process from a court of competent jurisdiction, which will be an effectual justification, though the process be erroneously issued. *Kenniston* v. *Little,* 30 N. H. 318 ; *Blanchard* v. *Goss,* 2 N. H. 491 ; *State* v. *Weed,* 21 N. H. 262.  The legality of the arrest in this case, therefore, can not be affected, as respects the collector, by any error or illegality in the assessment, and must be deemed lawful, unless made otherwise by his own acts or omissions.  Had the defendant paid the amount of the tax to obtain his discharge, and the collector had paid it over to the town, we think the defendant could not have maintained an action against the collector to recover it back, but his remedy must be against the assessors or the town.

The note, then, can not be regarded as void upon the ground of duress, and we are of the opinion that if, in consideration of the note, the plaintiff assumed to pay the tax and did pay it to the city, and discharged the defendant from the arrest, and all further liability for the tax, the note must be deemed to have been given upon good consideration, and, consequently, the ruling of the court was right.

In the case of *Jaffrey* v. *Cornish,* 10 N. H. 505, it was held that a promissory note given to the collector for the amount of the maker's tax was not a payment, within the meaning of the law relating to

settlements by the payment of taxes, even if it were expressly agreed that it should be received as payment. But it will be perceived that the note was given to the town of Jaffrey, and no promise by the collector to pay the tax, and no actual payment made. But the case is entirely different where the collector, in consideration of a note to himself, promises to pay the tax, and actually pays it. And so is *Lisbon* v. *Bath*, 23 N. H. 1, which went upon the ground that the receiving of what was supposed to be about the amount of the tax, with an agreement by the collector to discharge it for that sum, and an actual payment by him of the whole tax to the town, constituted a payment of the whole tax, though it exceeded by three cents the sum paid by the pauper.

It is urged, however, that there was no evidence tending to prove that, in consideration of the note, the plaintiff promised to pay the tax. But whether the case shows such evidence or not, we think the exceptions taken to the instructions do not raise that question, but merely the question whether, in point of law, such direction was right, if the evidence called for them. Had the objection been that there was no such evidence, it should have been specifically stated.

We are also of the opinion that the omission of the collector to make return of the arrest upon the warrant, does not, under the circumstances of the case, affect the validity of the arrest. In *Davis* v. *Clement*, 2 N. H. 390, it is held that a highway warrant is not returnable process, inasmuch as the statute has not made it the duty of the surveyor to make any return of his doings upon his warrant, although the law then in force (Ed. 1815, 388) authorized surveyors to make distress in the same manner as the several constables and collectors are enabled by law to do in collecting the State tax. The law of 1791, defining the powers of collectors, does not require a return upon the warrant, but, in case of a sale of goods, requires a particular account of the taxes, goods sold, and the expenses to be delivered to the tax-payer, and, in case he arrests and commits him, he is to leave with the jailer an attested copy of his warrant, and thereon certify the amount of the tax and the fact of the commitment. On the same principle, then, the warrant to collectors was not to be regarded as returnable process. The present law (Comp. Stat., ch. 48) is much the same, except it provides that the collector shall have the powers by law vested in constables, in the service of civil process, which shall continue until all the taxes in his list are collected. But no return of his doings upon the warrant is required. On the contrary, the same provisions substantially are retained, in respect to the account of the sale to the tax-payer, and the copy of the warrant to the jailer; and, upon the whole, we do not see that any change is made in the substantial nature of the process.

But, however this may be, as the tax was paid and the defendant discharged, we do not think that a return was necessary, even if it were returnable process. *Runlett* v. *Bell*, 5 N. H. 438, and cases cited; *Shackford* v. *Austin*, 14 East 468. It might be different in an action of trespass by the tax-payer for the arrest. There must, therefore, be                         *Judgment on the verdict.*